UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| HORACE M. HOUSTON, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV419-129 |
| | ) |
| KELLY SERVICES INC and | ) |
| DANETTE DURON-WILLNER, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Horace M. Houston, III, brought this Complaint alleging employment discrimination and retaliation under the Americans with Disabilities Act (ADA). *See* doc. 1; doc. 6. The Court granted plaintiffs' request to pursue this case *in forma pauperis* (IFP), doc. 5, and now screens the Complaint pursuant to 28 U.S.C. §1915(e).[1]

---

[1] Pursuant to 28 U.S.C. §1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

## BACKGROUND

Between August 7, 2017, and January 9, 2018, Plaintiff was employed through defendant Kelly Services, Inc., as an Operations Trainee at Gulfstream Aerospace (Gulfstream).[2] Doc. 6 at 5; doc. 6-1 at 2. He suffers from lupus, an autoimmune disorder, that can cause a wide variety of symptoms, including fatigue, skin rashes, swelling of joints, organ problems, seizures, and immunological abnormalities. During his period of employment, he experienced an increase of fatigue and headaches associated with chemical exposure. Doc. 6-3.

On October 19, 2017, plaintiff informed Karan Resler, the on-site manager for Kelly Services, that his exposure to chemicals was causing health problems. Doc. 6 at 5. Though he continued to pursue the matter, no immediate action was taken to resolve the problem. *Id*. On December 14, 2017, plaintiff obtained a letter from his physician explaining his reaction to the chemicals and noting the risk of potentially serious respiratory conditions, should the exposure persist. Doc. 6-3.

---

[2] Plaintiff has provided no specific details regarding the nature of his position beyond that it involved chemicals. *See* doc. 6.

On January 2, 2018, plaintiff emailed Resler regarding his physician's letter. Doc. 6 at 6. She responded on January 5 and arranged a meeting on January 8. *Id*. During the meeting, Resler advised plaintiff that she would be unlikely to reassign him to a new position but would make an effort to accommodate the disability. *Id*. The following day, Resler pulled plaintiff aside while on the work floor to notify him that he would not be reassigned because his current assignment was not yet completed. *Id*. She then escorted plaintiff to her office and advised him that she could offer no other options "but to file for unemployment."[3] *Id*. at 6–7.

After concluding his position with Gulfstream, plaintiff sought other positions through Kelly Services, but was not contacted in response to his applications. *Id*. at 8. Despite holding a degree in Aircraft Technology, he was also advised that he is no longer eligible for a position at Gulfstream because he did not complete his prior assignment.[4] *Id*.

---

[3] The complaint is vague as to whether plaintiff was terminated from his position or constructively discharged because his inability to safely work made continuing his employment impossible.

[4] It is unclear is plaintiff is barred from all employment at Gulfstream or only positions staffed through Kelly Services, Inc.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunities Commission (EEOC) on April 2, 2018, alleging disability discrimination and retaliation. Doc. 6-1 at 2. He was issued a right to sue letter on March 5, 2019. *Id*. at 1. This claim was filed in June 12, 2019. *See* doc 1.

## DISCUSSION

Plaintiff alleges disability discrimination and retaliation under the Americans with Disabilities Act against his former employer, Kelly Services, Inc., and its Associate General Counsel, Danette Duron-Willner. *See* doc. 1. At the direction of the Court, plaintiff has filed an amended complaint providing additional context for his claims. *See* doc. 6. For the following reasons, Duron-Willner should be dismissed from this case as an improper party. Plaintiff's discrimination claim against Kelly Services should also be dismissed. The retaliation claim, however, survives screening.

### I. Proper Parties

Defendant Duron-Willner should be dismissed from this case as the ADA does not provide for individual liability. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis

of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  "The term "covered entity" means an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12112(b).  This does not allow for individual liability. *See Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2009) ("... individual liability is precluded for violations of the ADA's employment discrimination provision ....").  Furthermore, plaintiff has made no specific allegations against Duron-Willner.  Therefore, she should be dismissed from this case.

The remaining defendant, Kelly Services, Inc., is a staffing agency which places individuals in temporary and permanent positions with other companies.  Where a staffing agency places an employee with a client company but retains some level of control over the employee, a joint-employer relationship is formed.  In such cases, each employer bears liability only for the discriminatory action within its control.  *See Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244–45 (11th Cir. 1998) (plaintiff could not bring sex discrimination action against employer

and non-profit condominium board where the board made no decisions that affected the terms of her employment); *see also Torres-Negrón v. Merck & Co.*, 488 F.3d 34, 41 n. 6 (1st Cir. 2007) ("a finding that two companies are an employee's "joint employers" only affects each employer's liability to the employee for their own actions, not for each other's actions"); *Whitaker v. Milwaukee Cnty.*, 772 F.3d 802, 811–12 (7th Cir. 2014) (employer county is not liable under ADA for allegedly discriminatory decisions of state agency over which it had no control); *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 228–29 (5th Cir. 2015) ("A staffing agency is liable for the discriminatory conduct of its joint-employer client if it participates in the discrimination, or if it knows or should have known of the client's discrimination but fails to take corrective measures within its control."). Plaintiff has alleged discriminatory acts attributable only to employees of Kelly Services, Inc., who, the complaint suggests, had authority over his employment. As such, Kelly Services qualifies as plaintiff's employer for purposes of the asserted claims and is a proper party to the case.

## II. Disability Discrimination

Plaintiff has not adequately pleaded a disability discrimination claim. To make a *prima facie* case of employment discrimination under the ADA, a plaintiff must show that he (1) has a disability; (2) is qualified for the relevant position, and (3) was subject to unlawful discrimination due to his disability. *Mazzeo v. Color Resolutions Int'l., LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014) (citing *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1256 (11th Cir. 2017)). Though the failure to offer reasonable accommodations is a form of impermissible discrimination, *see Anderson v. Embarq/Spirit*, 379 F. App'x. 924, 927 (11th Cir. 2010) ("An employer impermissibly discriminates against a qualified individual when the employer does not reasonably accommodate the individual's disability." (citing 42 U.S.C. § 12112(b)(5)(A))), plaintiff has not established the remaining elements.

Plaintiff has not shown that he qualifies as disabled under the ADA. For purposes of the act, a disability is "a physical or mental impairment that substantially limits one or more major life activities," such as "reading, concentrating, thinking, communicating, interacting with others, and working." 42 U.S.C. § 12102(1)(A); 29 U.S.C. § 1630.2(i)(1).

In determining what qualifies as a disability, the Court should apply a definition "in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A); *see also* 29 C.F.R. § 1630.2(j)(1)(i) ("The term "substantially limits" shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. "Substantially limits" is not meant to be a demanding standard."). Plaintiff's pleadings fall short of even this generous standard.

Plaintiff suffers from lupus and chemical exposure during his employment caused an increase in fatigue and headaches. Doc. 6-3. It also warns that his condition increased the risk of severe lung problems. *Id.* Absent from the pleadings, however, is any indication of how these conditions impacted plaintiff's ability to perform has job functions or limited another major life activity. *See Swain v. Hillsborough Cnty., Sch. Bd.*, 146 F.3d 855, 858 (11th Cir. 1998) ("Although a plaintiff seeking recovery under the ADA is not required to provide a comprehensive list of jobs which [he] cannot perform, the person must provide some evidence beyond the mere existence and impact of a physical impairment to survive

summary judgment."). As such, plaintiff has not sufficiently pleaded that he is disabled under the ADA.

Even if plaintiff's paucity were sufficient to allege a disability, he has also failed to show that he is a qualified individual. A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Plaintiff has neglected to provide details about his job responsibilities or his abilities to perform such tasks with or without accommodation. In fact, the only clues in the pleadings are hidden in the attached charge prepared for the EEOC, in which his job title is provided as "Operations Trainee" and plaintiff attests that he "performed the duties of [his] position at a satisfactory level." Doc. 6-1 at 2. Plaintiff also indicates that he is a graduate of the Aircraft Technologies program at Savannah Technical College, but does not explain how this skill set relates to his position. Absent a showing that he is qualified for his position, plaintiff has not adequately pleaded a discrimination claim under the ADA. As plaintiff has not established his status as disabled or a qualified individual under the ADA, his disability discrimination claim should be dismissed.

### III. Retaliation

Plaintiff has adequately pleaded a claim of retaliation. In order to state a *prima facie* claim of retaliation under the ADA, plaintiff must allege that "(1) [he] engaged in a statutorily protected expression, (2) [he] suffered an adverse employment action, and (3) there was a causal link between the two." *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016). Though not expressly stated by plaintiff, in seeking an accommodation for a perceived disability, plaintiff engaged in a protected act. *See Id.* ("The [protected expression] element may be met by a request for a reasonable accommodation."). He has alleged multiple adverse employment actions in being terminated from his position, prevented from obtaining other positions through Kelly Services, Inc., and barred from future employment with Gulfstream. Doc. 6 at 7 & 8; doc. 6-1 at 2; *see also Santandreu v. Miami Dade Cnty.*, 513 F. App'x. 902, 906 (11th Cir. 2013) (For purposes of a retaliation claim, "[a]n adverse employment action is any act by the employer that dissuades a reasonable employee from engaging in the protected activity.").

Defendant's alleged comments and the relatively short period of time between the request for accommodation and retaliatory act sufficiently

suggest a causal link, at least for pleading purposes. To demonstrate causation between the protected activity and the adverse employment action, a plaintiff must allege that (1) "the decision-maker was aware of the protected conduct"; and (2) "the protected activity and the adverse action were not wholly unrelated." *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000) (alteration in original) (quoting *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999)), abrogated on other grounds as recognized by *Crawford v. Carroll*, 529 F.3d 961, 973–74 (11th Cir. 2008). Defendant Kelly Services was unquestionably aware of the request for accommodation as plaintiff had emailed Resler about his disability and met with her on January 8th and 9th to discuss the issue. Doc. 6 at 6. Defendant's comments also support a connection between the protected act and the retaliatory conduct as plaintiff was also told that his only option following the denial of his accommodation request was to "file for unemployment" and that he was precluded from future position with Gulfstream because of his removal. *Id*. at 7 & 8. That the alleged retaliation occurred shortly following his request for accommodation also evidences a causal connection. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999) ("a plaintiff satisfies [the causal

connection] element if he provides sufficient evidence that the decision-maker became aware of the protected conduct, and that there was close temporal proximity between this awareness and the adverse employment action."). As such, plaintiff's retaliation claim survives screening.

## CONCLUSION

In summary, it is **RECOMMENDED** that Danette Duron-Willner be **DISMISSED** from this case as she is an improper party. Plaintiff's disability discrimination claims alleging a failure to accommodate should also be **DISMISSED**.[5]  The remaining retaliation claim survives screening.  The Clerk of Court is **DIRECTED** to forward a copy of this Order, along with plaintiff's Complaint, doc. 1, and Amended Complaint, doc. 6, to the United States Marshal after the adoption of this R&R by the

---

[5] Generally, a *pro se* plaintiff is granted at least one opportunity to amend. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires").  Plaintiff has already amended his pleadings once, but, as his initial complaint was significantly deficient, he has not previously enjoyed the benefit of the Court's screening.  As such, if he believes that additional information will salvage those claims that the Court recommends be dismissed, plaintiff may file a final amendment to his complaint within 14 days of this Report and Recommendation.

district judge for service upon defendant Kelly Services, Inc. to that it may respond.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 1st day of October, 2020.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA